Chad Conelly, SBN 022394
**MOLEVER CONELLY PLLC**
Indian Bend Corporate Centre
8161 E. Indian Bend Road, Suite 103
Scottsdale, Arizona 85250
Telephone: 480-268-2658
cc@arizonalegal.com
Attorneys for Plaintiff

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| David Paris,<br><br>Plaintiff,<br><br>v.<br><br>IceArizona Hockey Co. LLC; Grant Buckborough and Jane Doe Buckborough, husband and wife; Patrick Murphy and Jane Doe Murphy, husband and wife; John Does 1-10; Jane Does 1-10; and ABC Entities 1-10,<br><br>Defendants. | No.:<br><br>**COMPLAINT** |

Plaintiff alleges as follows:

## NATURE OF THE ACTION

1. Plaintiff David Paris is seeking judgment, relief and damages under the Fair Labor Standards Act and Arizona law based on the unlawful conduct of his former employer, IceArizona Hockey Co. LLC (the "Arizona Coyotes"), where he worked in inside sales as a Premium Seating Manager.

2. The Arizona Coyotes unlawfully classified Mr. Paris as a non-exempt employee under the FLSA and failed to pay him overtime compensation required under the FLSA, 29 U.S.C. § 201 *et seq.*, and failed to pay Mr. Paris all his earned wages as required under Arizona law, 23 A.R.S. § 350 *et seq.*

1

**PARTIES, VENUE, AND JURISDICTION**

3. David Paris is a resident of Maricopa County, Arizona.

4. Defendant the Arizona Coyotes is a foreign limited liability company authorized to do business in Arizona.

5. At all times relevant to the allegations in this Complaint, the Arizona Coyotes conducted business in Maricopa County, Arizona.

6. At all times relevant to the allegations in this Complaint, the Arizona Coyotes was an employer within the meaning of the FLSA, 29 U.S.C. § 203(d), as to Mr. Paris.

7. Defendants Grant Buckborough and Jane Doe Buckborough are husband and wife who, upon information and belief are, and at all times relevant to this Complaint were, residents of Maricopa County, Arizona.

8. Upon information and belief, at all times relevant to the allegations in this Complaint, Grant Buckborough was the Vice President, Premium & Suite Sales for the Arizona Coyotes.

9. Upon information and belief, at all times relevant to the allegations in this Complaint, Grant Buckborough acted directly or indirectly in the interest of the Arizona Coyotes in relation to its employees, including hiring and firing employees, exercising day-to-day authority and control over the terms and conditions of employment, and exercising control over aspects of the Arizona Coyotes' business. As such, Grant Buckborough is individually liable as an employer under 29 U.S.C. § 203(d) for back wages, liquidated damages and other damages owed to Mr. Paris.

10. Grant Buckborough was a manager of Mr. Paris with decision-making authority concerning Mr. Paris's employment and/or compensation.

11. Grant Buckborough was acting on behalf of, and for the benefit of, the marital community comprised of himself and Defendant Jane Doe Buckborough, whose true name will be inserted upon discovery.

MOLEVER CONELLY PLLC
Indian Bend Corporate Centre
8161 E. Indian Bend Road | Suite 103
Scottsdale, Arizona 85250

4849-1843-9628, v. 1

12. The marital community of Grant and Jane Doe Buckborough is liable for the acts and omissions of Grant Buckborough as alleged in this Complaint.

13. Defendants Patrick Murphy and Jane Doe Murphy are husband and wife who, upon information and belief are, and at all times relevant to this Complaint were, residents of Maricopa County, Arizona.

14. Upon information and belief, at all times relevant to the allegations in this Complaint, Patrick Murphy was the President, Business Operations, Strategy and Development for the Arizona Coyotes.

15. Upon information and belief, at all times relevant to the allegations in this Complaint, Patrick Murphy acted directly or indirectly in the interest of the Arizona Coyotes in relation to its employees, including hiring and firing employees, exercising day-to-day authority and control over the terms and conditions of employment, and exercising control over aspects of the Arizona Coyotes' business. As such, Patrick Murphy is individually liable as an employer under 29 U.S.C. § 203(d) for back wages, liquidated damages and other damages owed to Mr. Paris.

16. Patrick Murphy was a manager of Mr. Paris with decision-making authority concerning Mr. Paris's employment and/or compensation.

17. Patrick Murphy was acting on behalf of, and for the benefit of, the marital community comprised of himself and Defendant Jane Doe Murphy, whose true name will be inserted upon discovery.

18. The marital community of Patrick and Jane Doe Murphy is liable for the acts and omissions of Patrick Murphy as alleged in this Complaint.

19. John Does 1-10; Jane Does 1-10; and ABC Entities 1-10 are fictitiously named Defendants who have, or may have, liability for some or all events giving rise to this litigation. If Mr. Paris identifies any other individuals or entities that are liable to him, he will amend this Complaint to name them as Defendants.

3

20. At all times relevant to the allegations in this Complaint, the Arizona Coyotes employed employees engaged in commerce or in the production of goods for commerce or in handling, selling, or otherwise working on goods or materials that have been moved in or produce for commerce by any person.

21. At all times relevant to the allegations in this Complaint, the Arizona Coyotes has been an "enterprise" as defined in the FLSA, 29 U.S.C. § 203(r), with business activities that are related and performed through unified operation or common control for a common business purpose.

22. At all times relevant to the allegations in this Complaint, the Arizona Coyotes has been engaged in the operation of an enterprise whose annual gross volume of sales made or business done was not less than $500,000. As such, the Arizona Coyotes is and has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203(s).

23. This Court has jurisdiction over Plaintiff's claims under 29 U.S.C. § 207 (Fair Labor Standards Act) and 28 U.S.C. § 1331 (federal question), and supplemental jurisdiction under 28 U.S.C. § 1367 over Plaintiff's claim for violation of 23 A.R.S. § 350 *et seq*.

24. This Court has personal jurisdiction over the parties.

25. Venue in this Court is proper.

## GENERAL ALLEGATIONS

26. Mr. Paris realleges every allegation set forth previously in this Complaint as if set forth in this paragraph.

27. Mr. Paris worked in inside sales for the Arizona Coyotes from approximately October 2003 to August 21, 2020.

28. For the last approximate five years of his employment, he was a Premium Seating Manager.

29. Mr. Paris's primary duties were to sell premium products to Arizona Coyotes' customers, which included glass seats, suite level club seating, loge boxes and tables, and suites and suite packages.

30. Mr. Paris's job duties included making sales and marketing calls and communications to both current and prospective customers, telephone and internet response to customer requests and issues, communicating with customers regarding products, and attending meetings and events to fulfill customer demands and expectations.

31. Mr. Paris primarily performed his duties at the Arizona Coyotes' offices located in Glendale, Arizona.

32. Mr. Paris only occasionally performed sales duties away from the Arizona Coyotes' offices located in Glendale, Arizona.

33. During the time Mr. Paris worked for Defendants, he frequently worked over 40 hours each week.

34. Defendants failed to pay Mr. Paris for all his earnings.

## FIRST CAUSE OF ACTION

### Violation of the Fair Labor Standards Act

35. Mr. Paris realleges every allegation set forth previously in this Complaint as if set forth in this paragraph.

36. Mr. Paris was a non-exempt employee under the FLSA when he worked for Defendants.

37. Defendants improperly characterized Mr. Paris as an exempt employee under the FMLA.

38. Defendants willfully and repeatedly violated the FLSA, 29 U.S.C. §§ 207 and 215(a)(2), by failing to pay Mr. Paris at rates not less than one and one-half times his regular rate of pay in workweeks when he worked more than 40 hours.

39. Defendants willfully violated the records-keeping requirements of the FLSA, 29 U.S.C. §§ 211 and 215(a)(5), by failing to maintain, keep, make available, and

preserve records about Mr. Paris's wages, hours, and other conditions and practices of employment.

40. Defendants' violations of the FLSA were willful in nature.

41. Defendants intentionally, with reckless disregard for their responsibilities under the FLSA, and without good cause, failed to pay Mr. Paris his proper wages including proper overtime pay.

42. As a result of the FLSA violations, Defendants withheld unpaid overtime compensation from Mr. Paris.

43. Under 29 U.S.C. § 216(b), Defendants are liable to Mr. Paris in the amount of his unpaid overtime compensation and an additional equal amount as liquidated damages.

44. Under 29 U.S.C. § 217, Mr. Paris is entitled to an injunction against Defendants enjoining and retraining any continued withholding of unpaid overtime compensation due under the FLSA.

## SECOND CAUSE OF ACTION

### Violation of the Arizona Wage Statutes

45. Mr. Paris realleges every allegation set forth previously in this Complaint as if set forth in this paragraph.

46. Defendants failed to pay Mr. Paris all the "wages" he earned under 23 A.R.S. § 350 *et seq.*

47. Defendants failed to pay Mr. Paris all his wages in a timely manner in violation of 23 A.R.S. § 351.

48. Defendants violated 23 A.R.S. § 352 by withholding overtime wages Mr. Paris earned.

49. Defendants violated 23 A.R.S. § 353 by failing to pay Mr. Paris all the overtime wages he earned.

50. Defendants are each liable to Mr. Paris for an amount that is treble the amount of his unpaid wages.

4849-1843-9628, v. 1

# **JURY DEMAND**

51. Mr. Paris requests trial by jury.

WHEREFORE, Mr. Paris requests the Court enter judgment in his favor against Defendants, and each of them, as follows:

A. Awarding Plaintiff overtime compensation in the amount due for all his time worked more than 40 hours per week at rates not less than one and one-half times his regular rate of pay in workweeks when he worked more than 40 hours, plus pre-judgment and post-judgment interest at the highest legal rate;

B. Awarding Plaintiff liquidated damages in an amount equal to the overtime award, plus pre-judgment and post-judgment interest at the highest legal rate;

C. Awarding Plaintiff treble the amount of his unpaid compensation;

D. For an order under 29 U.S.C. § 217 permanently enjoining and retraining Defendants, and each of them, from any continued withholding of unpaid overtime compensation due to Mr. Paris under the FLSA;

E. For all other damages permissible under the FLSA and the Arizona wage statutes;

F. Awarding Plaintiff his reasonable attorneys' fees and the costs of this action, plus interest at the highest legal rate;

G. For all reasonable post-judgment costs and attorneys' fees Plaintiff incurs in pursuing collection of his judgment, subject to review of the court as to their reasonableness under the standards governing the award of attorney' fees;

H. For the continuing jurisdiction of the court to review and determine the reasonableness of any post-judgment costs and attorneys' fees Plaintiff seeks; and

I.  For any other relief as the court may deem just and proper under the circumstances.

DATED: September 21, 2020.

**MOLEVER CONELLY PLLC**

By: s/ Chad Conelly / 022394
Chad Conelly
Attorneys for Plaintiff

8

4849-1843-9628, v. 1